MARY J. EDWARDS v. C. E. UPCHURCH AND ANNIE UPCHURCH.

(Filed 13 October, 1937.)

**Trial §§ 43, 49—Trial court may set aside verdict, but has no power to change or modify the verdict as returned by the jury.**

While the trial court has the power to set aside a verdict when he is of the opinion that it is not supported by the evidence or is against the weight of the evidence, C. S., 591, he has no power to change or modify a verdict because in his opinion the jury made an error in computing the amount returned in their answer, and a new trial will be awarded upon appeal from a judgment rendered on the verdict as modified by the court.

APPEAL by plaintiff from *Cowper, Special Judge,* at January Term, 1937, of LEE. New trial.

This is an action to recover on a note for $874.58, dated 15 May, 1929, and due on 1 November, 1929.

It is alleged in the complaint that the only payments made on the note sued on are as follows: On 2 December, 1929, $106.23; on 21 December, 1929, $120.00; and on 3 February, 1930, $200.00.

At the trial the defendants admitted the execution by them of the note, as alleged in the complaint, and that the plaintiff is the holder of the note.

• The issue submitted to the jury was answered as follows:

"What amount of payments have been made on the note sued on? Answer: '$855.58.' "

After the verdict was returned by the jury, the court was of opinion, as appears from recitals in the judgment, that the jury had erroneously included in their answer to the issue the sum of $200.00, and that said sum of $200.00 should be deducted from the total amount of payments on the note as testified by the defendant C. E. Upchurch, to wit: $805.00, leaving the sum of $605.00, which added to the amount of the payments alleged in the complaint, to wit, $426.23, exceed the amount of the note, and accordingly adjudged that plaintiff recover nothing of the defendants in this action.

The plaintiff appealed to the Supreme Court, assigning numerous errors in the trial, and error in the judgment.

*J. G. Edwards and K. R. Hoyle for plaintiff.*
*Gavin & Jackson for defendants.*

CONNOR, J. The trial judge has the power to set aside a verdict and order a new trial, when in his opinion the verdict is not supported by the evidence or is against the weight of the evidence. In proper cases, it is manifestly his duty to exercise this power, and thus prevent injustice. See C. S., 591; *Bundy v. Sutton,* 207 N. C., 422, 177 S. E., 420; *Hyatt v. McCoy,* 194 N. C., 760, 140 S. E., 807; *Rankin v. Oates,* 183 N. C., 517, 112 S. E., 32. He has no power, however, ordinarily to change or modify a verdict as returned by the jury and render judgment on the verdict as changed or modified by him.

On the facts recited in the judgment in the instant case, the verdict should have been set aside and a new trial ordered by the trial judge. For that reason the judgment is reversed to the end that the plaintiff may have a new trial, to which, in view of her assignments of error on this appeal, she is entitled.

New trial.