LUTHER DIXON v. HOUSTON YOUNG, ORIGINAL DEFENDANT AND
WALTER HOLMES ADAIR, JR., ADDITIONAL DEFENDANT.

(Filed 1 November, 1961.)

Trial § 52—

A motion to set aside the verdict and grant a new trial solely on the issue of damages on the ground that the damages assessed by the jury were inadequate, is addressed to the discretion of the trial court and, in the absence of a showing of abuse of discretion, the denial of the motion will not be disturbed.

APPEAL by plaintiff from *Hall, J.,* May Civil Term 1961 of PERSON.

This is a civil action to recover for personal injuries sustained by the plaintiff on 12 July 1958 about 8:00 p.m. while riding in the rear of an open jeep on U. S. Highway No. 501 in Person County. There was

HALL *v.* ATKINSON.

a collision between the jeep driven by the additional defendant, Walter Holmes Adair, Jr., and a Ford automobile driven by the original defendant, Houston Young.

Issues of negligence as to both defendants were answered in the affirmative. The issue of damages was answered in the amount of $1,000.00. Plaintiff moved to set aside the verdict on the issue of damages only. Motion denied, plaintiff appeals, assigning error.

*George W. Miller, Jr. and Donald J. Dorey for plaintiff appellant.*
*Robert P. Burns and Charles B. Wood for original defendant Young.*
*R. B. Dawes for additional defendant Adair.*

PER CURIAM. The plaintiff assigns as error the refusal of the trial judge to set aside the verdict on the issue of damages only and to grant a new trial thereon on the ground that the damages assessed by the jury were inadequate.

"The granting or the denying of a motion for a new trial on the ground that the damages assessed by the jury are excessive or inadequate is within the sound discretion of the trial judge." *Hinton v. Cline,* 238 N.C. 136, 76 S.E. 2d 162, and cited cases.

In such cases, in the absence of an abuse of discretion, the ruling of the trial judge is not reviewable on appeal. An abuse of discretion has not been made to appear on this appeal.

No error.