JUSTIN ROBINSON v. FREDERICK TAYLOR
AND
LILLIAN E. ROBINSON v. FREDERICK TAYLOR.

(Filed 19 September 1962)

**1. Appeal and Error § 20—**

Appellant may not complain of error in regard to an issue answered in his favor.

**2. Trial § 52—**

A motion to set aside the verdict for inadequacy of the award is addressed to the sound discretion of the trial court, and the court's ruling thereon is not reviewable when no abuse of discretion is shown.

APPEAL by plaintiffs from *Parker, J.*, March 1962 Term of CARTERET.

These two civil actions grew out of a collision between the automobile operated by defendant and the automobile owned and operated by the male plaintiff in which his wife, the *feme* plaintiff, was a passenger. Plaintiffs alleged that the collision occurred when the defendant lost control of his vehicle because of excessive speed and intoxication and drove his vehicle to his left of the center of the highway. Each seeks to recover his damages sustained in the collision. Mrs. Robinson alleged personal injuries in the amount of $15,000.00; Mr. Robinson, personal injuries of $3,000.00 and property damage in the amount of $1,950.00.

The defendant's answer was a general denial; there was no plea of contributory negligence and no counterclaim. The two cases were consolidated for trial. Each plaintiff testified as to his injuries and offered in evidence the subpoena issued by the defendant for the doctor who had treated plaintiffs. The defendant offered no evidence.

The jury answered the issues of negligence in favor of the plaintiffs. Mrs. Robinson was awarded $1,000.00 for her personal injuries; Mr. Robinson recovered $50.00 for personal injuries and $1,050.00 for damages to his automobile. Both plaintiffs appealed. *Inter alia*, they assign as errors the failure of the trial judge to give a peremptory instruc-

STATE v. BARTLETT.

tion on the issues of negligence and to set the verdict aside for inadequacy.

*Hamilton, Hamilton & Phillips for plaintiffs.*
*Claude R. Wheatly, Jr., and Thomas S. Bennett for defendant.*

PER CURIAM. This case involved settled, uncomplicated rules of law. The answer raised issues of fact which the jury resolved in favor of the plaintiffs who, nevertheless, were disappointed in the amount of damages awarded them. If there were any errors in the rulings on evidence or in the charge with reference to the first issues they were rendered harmless when the jury answered them in favor of the plaintiffs. *Lyon v. R. R.*, 165 N.C. 143, 81 S.E. 1. The assignments of error which relate to the issue of damages disclose no prejudicial error. The trial judge who heard the evidence and observed the parties declined to set the verdict aside. This was a matter within his discertion. *Dixon v. Young*, 255 N.C. 578, 122 S.E. 2d 202. No abuse appears.

No error.