MYRTLE SHERRILL v. RICHARD M. BOYCE AND WIFE, JANET B. BOYCE.

(Filed 3 November, 1965.)

**1. Trial § 57—**

While it is irregular for the court, in a trial by the court under agreement of the parties, to submit issues to itself, where there is no objection or exception thereto such procedure will not require a new trial if it can be ascertained from the issues and the court's answers thereto that the court found ultimate facts constituting a legal basis for the judgment.

**2. Trial § 52—**

A finding of the amount of damages by the court under agreement of the parties is as conclusive as though the damages were established by verdict of the jury, and the court's findings in regard thereto will not be set aside on the ground the damages allowed are excessive in the absence of manifest abuse of discretion.

APPEAL by defendants from *McLean, J.,* March 1965 Session of IREDELL.

Plaintiff brought this action to recover for personal injury and property damages sustained on August 12, 1961, when defendant Janet B. Boyce drove the family-purpose automobile owned by her husband, defendant Richard M. Boyce, into the rear of plaintiff's vehicle while she was stopped at an intersection. A jury trial was duly waived. Defendants stipulated that the issue of negligence should be answered against them and that the only question for the court was the amount of plaintiff's damages. Plaintiff offered evidence tending to show that, in the accident, she suffered an acute neck strain from which she still experiences headaches and muscular spasms. Judge McLean answered an issue with reference to plaintiff's personal injuries, $8,600.00; as to her property damages, $75.00. Defendants' motion "to set the verdict aside because it was excessive" was denied. From the judgment that plaintiff recover $8,675.00, defendants appealed.

*Battley and Frank for plaintiff appellee.*
*Adams and Dearman and C. B. Winberry for defendant appellants.*

PER CURIAM. When a jury trial is waived as provided in G.S. 1-184, the court's findings of fact have the force and effect of a verdict, *Insurance Co. v. Lambeth,* 250 N.C. 1, 108 S.E. 2d 36, and an exception to the judgment presents only the question whether the facts found are sufficient to support the judgment. *Turnage Co. v. Morton,* 240 N.C. 94, 81 S.E. 2d 135. Unless the action is a small claim, G.S. 1-539.5, it is irregular for the court to render a verdict

on issues submitted to itself, G.S. 1-185. The parties here, however, seem to have contemplated this procedure. In the absence of objection and exception, a new trial will not be ordered because the judge answered issues instead of stating the facts found and conclusions of law separately "if from the judgment it can be determined what the Court found the ultimate facts to be and what the legal basis of the judgment is." *Daniels v. Insurance Co.,* 258 N.C. 660, 662, 129 S.E. 2d 314, 316. The issues, as stipulated and answered by the court, fully sustain its judgment.

In this case we have no more right to disturb the judge's answer to the issue of damages than we would have had to disturb a jury's finding. *Benton v. Willis, Inc.,* 252 N.C. 166, 113 S.E. 2d 288. The granting or denial of a motion to set aside a jury's verdict on the ground that the damages assessed are excessive or inadequate is within the sound discretion of the trial judge. *Evans v. Coach Co.,* 251 N.C. 324, 111 S.E. 2d 187. When the trial judge himself renders the "verdict," a *fortiori,* the same rule applies. Even though, upon plaintiff's evidence, reasonable minds might well differ as to the amount of damages to which she is entitled, yet an abuse of discretion is not manifest.

No error.