SIMPSON HOWARD v. CHRIS MERCER

No. 778SC472

(Filed 18 April 1978)

**Rules of Civil Procedure § 59— injuries to pedestrian—new trial on damages issue— abuse of discretion**

In an action to recover for personal injuries sustained by plaintiff in a pedestrian-automobile accident where the jury awarded plaintiff $20,000, the trial court abused its discretion in setting aside the verdict on the issue of damages on the grounds that the verdict was against the greater weight of the evidence and that it was excessive, since plaintiff offered strong evidence, including that of medical experts, that he sustained a permanent injury, lost considerable wages, and endured pain and suffering; defendant offered very little evidence in opposition; the amount of the verdict was clearly within the maximum limit of a reasonable range, plaintiff having shown that he incurred medicial expenses of $2,265 and lost $3,308 in wages and arguing that $14,355 was not unreasonable to compensate him for pain, suffering and permanent disability; and there was no appearance that the verdict was given under the influence of passion or prejudice. G.S. 1A-1, Rule 59.

APPEAL by plaintiff from *Gavin, Judge.* Judgment entered 28 February 1977 in Superior Court, LENOIR County. Heard in the Court of Appeals 8 March 1978.

Plaintiff seeks to recover for personal injuries which he alleges were caused by the negligence of defendant in a pedestrian-automobile accident. His evidence tended to show that he was walking on the left shoulder of a highway on 24 December 1971; that defendant was operating his truck in the same direction plaintiff was walking; and that as defendant was passing another vehicle, a mirror on his truck struck plaintiff's elbow, causing the injuries complained of.

The jury answered issues of negligence and contributory negligence in favor of plaintiff and awarded him $20,000.00.

Defendant moved for judgment notwithstanding the verdict or, in the alternative, for a new trial. The court denied the motion for judgment n.o.v. but set aside the verdict and ordered a new trial on the issue of damages on the grounds that the verdict was "excessive and contrary to the weight of the evidence."

Plaintiff appealed.

*Turner and Harrison, by Fred W. Harrison, for the plaintiff.*

*Jeffress, Morris & Rochelle, by Vernon H. Rochelle and David R. Duke, for defendant appellee.*

BRITT, Judge.

The sole question presented is whether the trial court erred in setting aside the verdict on the issue relating to plaintiff's damages and awarding a new trial on that issue. We hold that the court erred.

Prior to the enactment and effective date of the Rules of Civil Procedure, G.S. Chapter 1A (effective 1 January 1970), G.S. 1-207 authorized a trial judge to set aside a verdict and grant a new trial "upon exceptions, or for insufficient evidence, or for excessive damages."

G.S. 1A-1, Rule 59(a), sets out nine grounds upon which the trial judge may grant a new trial on all or part of the issues; subsections (6) and (7) provide:

> (6) Excessive or inadequate damages appearing to have been given under the influence of passion or prejudice;

> (7) Insufficiency of the evidence to justify the verdict or that the verdict is contrary to law; . . . .

Prior to the effective date of G.S. Chapter 1A, it had become well established in this jurisdiction that a motion to set aside a verdict on the ground that the verdict was contrary to the weight of the evidence, or that the award of damages was excessive or inadequate, was addressed to the sound discretion of the trial judge and his ruling on the motion was not reviewable absent a showing of abuse of discretion. 7 Strong's N.C. Index 2d, Trial §§ 51 and 52, and cases therein cited.

In *Britt v. Allen*, 291 N.C. 630, 231 S.E. 2d 607 (1976), the court, speaking through Chief Justice Sharp, said (page 635):

> "The adoption of the Rules of Civil Procedure (N.C. Sess. Laws 1967, ch. 954, § 4, effective 1 January 1970; N.C. Sess. Laws 1969, ch. 803, § 1) and the repeal of G.S. 1-207 (1953) did not diminish the trial judge's traditional discretionary authority to set aside a verdict. The procedure for exercising

this traditional power was merely formalized in G.S. 1A-1, Rule 59, which lists eight specific grounds and one 'catch-all' ground on which the judge may grant a new trial. Section (a)(9) of Rule 59 authorizes the trial judge to grant a new trial for 'any other reason heretofore recognized as grounds for a new trial.' *See* Sizemore, *General Scope and Philosophy of the New Rules*, 5 Wake Forest Intramural L. Rev. 1, 42-43 (1969)."

A review of the law in North Carolina does not reveal a standard for determining what is a sufficient abuse of discretion to warrant a reversal of a trial court's ruling on a Rule 59 motion in which a new trial was granted. However, the case of *Taylor v. Washington Terminal Co.*, 409 F. 2d 145 (D.C. Cir.), *cert. denied* 90 S.Ct. 93, 396 U.S. 835, 24 L.Ed. 2d 85 (1969), decided under Federal Rule 59 which is similar to North Carolina Rule 59, has established a standard in that jurisdiction for determining when an abuse of discretion has occurred in Rule 59 orders. *See* 11 Wright & Miller, Federal Practice and Procedure: Civil § 2820 (1973).

In *Taylor* the plaintiff was awarded $80,000 by the jury and the defendant was granted a new trial unless plaintiff would remit $60,000 of the verdict on the grounds that it was excessive. A second trial was held and the plaintiff received a verdict of $25,000. On appeal the appellate court held that the district court erred in granting a new trial and ordered reinstatement of the original verdict.

The plaintiff in *Taylor* was a fireman employed by the defendant railroad company. He was injured when he tripped over an electric cable that had been left lying on the walkway between the railway tracks. As plaintiff fell he struck his arm against a steel water plug, injuring his wrist which was later fused into an immovable joint by corrective surgery. The pain and swelling in the wrist was treated with aspirin and plaintiff was limited to performing light duty on his job due to the injury. Two years later, plaintiff developed a duodenal ulcer which required that 75 percent of his stomach be removed and left him in constant pain. Plaintiff established $10,000 in medical expenses, about half of which were attributable to the wrist injury and about half to the ulcer. Conflicting medical testimony was in-

troduced on the question of whether the ulcer was related to the original wrist injury. Based on these facts, the original verdict of $80,000 was set aside as excessive by the trial court.

In holding that the trial court had abused its discretion by setting aside the original verdict and granting a new trial to the defendant, the court set forth the following guidelines for determining when an abuse of discretion has occurred:

> A more difficult question is the scope of appellate review of an order granting a new trial. It is by now standard doctrine that such orders may be reviewed for abuse of discretion, even when based upon such broad grounds as the trial judge's conclusion that the verdict was excessive or was against the weight of the evidence. There has been much discussion of the content which should be given to the elusive phrase "abuse of discretion," with the weight of learning against appellate reversal except in relatively rare cases.

> This learning has largely arisen from consideration of cases in which motions for new trial—especially on the ground of excessive verdict—have been *denied*. Two factors unite to favor very restricted review of such orders. The first of these is the deference due the trial judge, who has had the opportunity to observe the witnesses and to consider the evidence in the context of a living trial rather than upon a cold record. The second factor is the deference properly given to the jury's determination of such matters of fact as the weight of the evidence and the quantum of damages. This second factor is further weighted by the constitutional allocation to the jury of questions of fact.

> Where the jury finds a particular quantum of damages and the trial judge refuses to disturb its finding on the motion for a new trial, the two factors press in the same direction, and an appellate court should be certain indeed that the award is contrary to all reason before it orders a remittitur or a new trial. However, where, as here, the jury as primary fact-finder fixes a quantum, and the trial judge indicates his view that it is excessive by granting a remittitur, the two factors oppose each other. The judge's unique opportunity to consider the evidence in the living courtroom context must

be respected. But against his judgment we must consider that the agency to whom the Constitution allocates the fact-finding function in the first instance—the jury—has evaluated the facts differently.

In this jurisdiction particularly, District Court judges have given great weight to jury verdicts. They have stated that a new trial motion will not be granted unless the "verdict is so unreasonably high as to result in a miscarriage of justice," or, most recently, unless the verdict is "so inordinately large as obviously to exceed the maximum limit of a reasonable range within which the jury may properly operate."

At the appellate level, in reviewing a trial judge's grant of a new trial for excessive verdict, we should not apply the same standard. The trial judge's view that a verdict is outside the proper range deserves considerable deference. His exercise of discretion in granting the motion is reviewable only for abuse. Thus we will reverse the grant of a new trial for excessive verdict only where the quantum of damages found by the jury was *clearly* within "the maximum limit of a reasonable range." 409 F. 2d at 147-149.

In the case at hand, evidence with respect to plaintiff's injuries tended to show:

At the time of the accident plaintiff was 59 years old and employed as a handyman-helper, earning approximately $130-$190 per week. The impact of the lick to plaintiff's arm caused a fracture of the multiple bones of his right elbow and a fracture in his forearm. He underwent corrective surgery for the injuries, causing him to remain in the hospital from 24 December 1971 until 4 January 1972. He remained in a cast until 27 January 1972 and under a physician's care until April 1972 when a portion of the metal screw holding the bones in his elbow together was removed surgically. At the time of medical discharge he had a 15 percent permanent partial disability of his right arm.

Plaintiff was out of work for approximately six months immediately following the accident. After his discharge he was able to obtain work for a short time as a janitor. In February of 1976 he returned to his physician complaining of weakness and numb-

ness in his right hand; it was determined that this was caused by irritation to his ulna nerve in his elbow. His physician testified that this condition could or might have resulted from the injuries received in the 1971 accident. The condition was treated by a second operation which Dr. Langley classified as successful even though plaintiff was still rated as having a 15 percent permanent partial disability which would prevent him from lifting heavy objects or using his right hand in an awkward position.

Plaintiff is limited in the movement of his right arm, hands and fingers and experiences a continuous stinging sensation in his right arm and hand as well as occasional pain. Since his second operation he has held a temporary job at a smaller income in a tobacco warehouse cleaning up and delivering water to other workers; however, he has been unable to obtain ordinary manual labor because the second operation resulted in the loss of strength in his right hand.

The parties stipulated that plaintiff's total medical expenses were $2,265.50.

Defendant offered no evidence contradicting plaintiff's evidence with respect to his injuries except the testimony of the rescue squad member who carried plaintiff to the hospital. He stated that plaintiff complained of pain in his shoulder; that he had plaintiff open and close his hand and examined his arm and elbow; and that while he could not find "that much damage" to plaintiff's arm, he put it in a sling.

The court charged the jury that the mortuary tables introduced into evidence indicated that plaintiff had a life expectancy of 18.29 years; that in determining the amount of damages, they would consider evidence as to plaintiff's age, occupation, the extent of his employment, the value of his services, the amount of his income at the time of his injury, and the disability or disfigurement affecting his earning capacity; and that they would consider plaintiff's life expectancy in determining the proper amount of damages for loss of earnings, pain and suffering, scars and disfigurement and loss of use of part of his body.

The trial judge overturned the verdict on the issue of damages on the grounds that the verdict (1) was against the greater weight of the evidence and (2) that it was excessive.

With respect to the first ground, the plaintiff's testimony is quite strong that he sustained a permanent injury, that he lost considerable wages and that he endured pain and suffering. His testimony is supported by expert medical testimony and defendant offered very little evidence in opposition. We do not think the record supports the trial court's ruling. It is true that the evidence on the issue of contributory negligence is relatively close but here we are concerned only with evidence relating to the issue of damages.

With regard to the second ground—the verdict was excessive—we think the rule stated in *Taylor* is sound. We also think Rule 59(a)(6) adds a new factor for consideration by the trial judge in passing upon a motion to set aside a verdict on the ground of excessive or inadequate damages, namely, that the damages were awarded "under the influence of passion or prejudice". We do not consider our holding in conflict with the quoted statement from *Britt v. Allen, supra*, since the court in that case was dealing solely with Rule 59(a)(7). *See Samons v. Meymandi*, 9 N.C. App. 490, 177 S.E. 2d 209 (1970), *cert. denied* 277 N.C. 458, 178 S.E. 2d 225 (1971), and *Setzer v. Dunlap*, 23 N.C. App. 362, 208 S.E. 2d 710 (1974), where the court used the new language set forth in Rule 59(a)(6).

Plaintiff argues that the evidence showed that he lost $3,308 in wages; that this amount added to the $2,265 in medical expenses showed "specials" of $5,645; and that the remainder of the $20,000 verdict, $14,355, was not unreasonable to compensate him for pain, suffering and permanent disability. We find this argument persuasive.

The foregoing considered, we conclude that the verdict was *clearly* within "the maximum limit of a reasonable range", and that there was no appearance that the verdict was given under the influence of passion or prejudice. We therefore hold that the able trial judge abused his discretion in setting aside the verdict.

For the reasons stated, the order setting aside the verdict and awarding defendant a new trial on the issue of damages is reversed, the verdict is reinstated and this cause is remanded to the superior court for entry of judgment in accordance with the verdict returned by the jury.

---

Reversed and remanded.

Judges CLARK and ERWIN concur.