CALABRIA, Judge.
Jack Fisher ("Fisher") and David Scheerer ("Scheerer") both appeal from orders denying the parties' motions for judgment notwithstanding the verdict ("JNOV") and new trial. We reverse.
This is the third appeal in this matter. The prior appeals in this case may be found at Scheerer v. Fisher,202 N.C.App. 99, 688 S.E.2d 472 (2010) ( "Scheerer I") and Scheerer v. Fisher,--- N.C.App. ----, 741 S.E.2d 926 (2013) (unpublished) ("Scheerer II").
In January 2007, Scheerer, a real estate agent, notified Fisher that two adjacent tracts of land, real estate developments known as Highland Forest, LLC, and Indian Ridge Preserve, LLC, together comprising approximately 800 acres, were for sale in Haywood County ("the properties"). Scheerer and Fisher had a prior professional relationship, and Fisher knew Scheerer was a licensed real estate agent. At Fisher's request, Scheerer investigated the costs of developing the properties and negotiated terms with the properties' owners (the "sellers").
On 20 March 2007, Fisher, as member-manager of Renaissance Ventures, LLC ("Renaissance Ventures"), executed purchase contracts (the "purchase contracts") for the properties for a combined total price of $20,000,000. One of the terms of the purchase contracts stated that at the closing of the properties, the sellers would pay Scheerer 2% of the purchase price as commission. Fisher orally agreed to pay Scheerer 2% of the purchase price for his role as the buyer's procuring agent.
In April 2007, Fisher and Renaissance Ventures rescinded the purchase contracts. Fisher subsequently began negotiations with Anthony Antonino ("Antonino")[1] , a minority interest owner of the properties. Antonino entered into contracts to purchase the properties for $14,750,000 and assigned the contracts to Highland Forest Partners, LLC ("Highland Partners") (together with Fisher and Renaissance Ventures, "defendants") in September 2007. Highland Partners was formed by Fisher for the purpose of holding title to the properties. Scheerer did not receive a commission related to the sale of the properties.
On 4 January 2008, Scheerer and his real estate company, Mountain Life Realty, LLC (collectively, "plaintiffs") filed a complaint alleging, inter alia,breach of an express contract and breach of a contract implied in law, seeking recovery in quantum meruit.Plaintiffs subsequently filed an amended complaint. Plaintiffs specifically alleged, inter alia,that they were entitled to recover the standard buyer's commission of one half of ten percent for Scheerer's role in locating suitable property, that they were entitled to recover "the buyer's agent standard real estate commission of one half of ten percent (1/2 of 10%) for being the procuring agent for Defendants[,]" and that they were entitled to recover "a commission equal to two and one half percent (2.5%) of the purchase price paid for the property if Plaintiffs could produce an acceptable offer from [Fisher]." Plaintiffs requested "judgment against Defendants for compensatory and/or actual damages due to the breach of contract for failure to pay the commission earned and owed, in the amount of five percent (5%) or an amount to be determined by the finder-of-fact[.]" The trial court granted defendants' motion to dismiss for failure to state a claim upon which relief could be granted, and on appeal this Court held that plaintiffs' complaint stated a valid claim for relief for breach of an express oral contract. Scheerer I,202 N.C.App. at 105, 688 S.E.2d at 476.
On remand, the matter proceeded to trial, and the jury returned verdicts finding that defendants breached a contract with plaintiffs, and plaintiffs were entitled to recover $400,000 in damages. The jury did not reach plaintiffs' alternative claim for quantum meruit.The trial court entered a judgment holding defendants jointly and severally liable for the damages. Defendants moved for a directed verdict and for JNOV or a new trial. The trial court denied defendants' motions. Defendants appealed.
In Scheerer II,this Court held that there was sufficient evidence of breach of an express contract by defendant Fisher, but not by Renaissance Ventures or by Highland Partners. However, this Court remanded the matter on the issue of damages because the award of $400,000 was not supported by the evidence of the actual purchase price and the correct percentage of the commission. --- N.C.App. at ----, 741 S.E.2d at 926.
On remand, the trial court held a new trial on the issue of damages. The jury returned a verdict awarding plaintiffs $132,750. The trial court entered judgment for plaintiffs against Fisher for breach of contract. Plaintiffs made an oral motion for JNOV or new trial in open court. The trial court denied plaintiffs' motions. On 30 August 2013, Fisher made a motion for JNOV or a new trial. On 23 September 2013, the trial court entered an order denying both of Fisher's motions. Scheerer appeals. Fisher also appeals.
On appeal, both Scheerer and Fisher argue that the trial court erred in denying their motions for JNOV and new trial. Specifically, Fisher contends that the evidence concerning damages was insufficient to prove Scheerer's damages with reasonable certainty, and therefore Scheerer should have recovered no more than nominal damages. Scheerer contends that no genuine issue of fact existed for jury determination and that the jury's award was unsupported by the evidence.
"[A]n appellate court's review of a trial judge's discretionary ruling either granting or denying a motion to set aside a verdict and order a new trial is strictly limited to the determination of whether the record affirmatively demonstrates a manifest abuse of discretion by the judge." Worthington v. Bynum,305 N.C. 478, 482, 290 S.E.2d 599, 602 (1982). "The amount of damages is generally a question of fact, but whether that amount has been proven with reasonable certainty is a question of law we review de novo." Plasma Centers of Am., LLC v. Talecris Plasma Res., Inc .,--- N.C.App. ----, ----, 731 S.E.2d 837, 843 (2012).
A new trial may be ordered on the grounds of "[i]nsufficiency of the evidence to justify the verdict or that the verdict is contrary to law[.]" N.C. Gen.Stat. § 1A-1, Rule 59(a)(7) (2013). "A party claiming damages from a breach of contract must prove its losses with reasonable certainty. While the reasonable certainty standard requires something more than hypothetical or speculative forecasts, it does not require absolute certainty." Plasma Centers of Am.,--- N.C.App. at ----, 731 S.E.2d at 843 (citations and quotation marks omitted). "The jury weighs the credibility of the evidence presented, including the amount of damages suffered by the parties, and may disregard any and all evidence it determines to be unreliable." DiFrega v. Pugliese,164 N.C.App. 499, 511, 596 S.E.2d 456, 465 (2004).
In Scheerer I,this Court concluded that Renaissance Ventures, through Fisher, entered into written contracts to buy the properties, and orally agreed to pay plaintiffs a 2% commission based on the purchase price since plaintiffs represented the buyers. Scheerer I,202 N.C.App. at 103, 688 S.E.2d at 475. Although Fisher and Highland Partners subsequently purchased the properties, plaintiffs' 2% commission was never paid. Id.In Scheerer II,the jury found that defendants breached a contract with plaintiffs and awarded plaintiffs $400,000 in damages, or 2% of the proposed $20,000,000 purchase price. Scheerer II,--- N.C.App. ----, 741 S.E.2d at 926. However, this Court held that the award was unsupported by the purchase price of the properties, which the evidence established was $14,750,000, or by the evidence regarding an agreed-upon commission percentage between 2% and 2.5%. Id.We remanded for a new trial specifically on the issue of damages. Id.
On remand in the instant case, the trial court held a new trial on the issue of damages. Scheerer testified that his 2.5% commission had been negotiated down to 2%. He also testified that his commissions were negotiable, and that "sometimes I will do a deal for one percent, two percent, depends on the velocity ... [a]nd the size, the quantity of the deal." Scheerer presented a purchase contract into evidence, which listed the purchase price of the properties as $14,750,000. Scheerer also called Antonino as a witness to testify regarding his involvement in the sale of the property. Antonino testified that at the time he entered into the purchase contract for $14,750,000, he had already contacted Fisher as a potential buyer for the property. Antonino subsequently sold the purchase contracts, assigning all of his rights and responsibilities under the contracts to Fisher, for $200,000.
After deliberation, the jury determined the amount of damages Fisher owed to Scheerer was $132,750. However, this amount only reflects a fraction of a percent of the properties' ultimate purchase price, not 2% or 2.5%. To support an award of $132,750, the jury would have had to find that the commission percentage agreed upon by the parties was 0.9%, a commission that is not supported by the evidence. Since we conclude that the evidence does not support the jury's award, we vacate the award of damages and remand for a new trial on the issue of damages. Additionally, because we reverse the trial court's denial of the parties' motions for new trial, we decline to address the parties' remaining arguments.
REVERSED.
Judges STEELMAN and McCULLOUGH concur.
Report per Rule 30(e).
Opinion
Appeal by plaintiffs and defendant from orders entered 15 August 2013 and 23 September 2013 by Judge Marvin P. Pope in Haywood County Superior Court. Heard in the Court of Appeals 22 October 2014.

Antonino's name is spelled differently in various places in the record. We utilize the spelling given by Antonino himself at trial.