Chief Justice MARTIN concurring in part and dissenting in part.
I agree with the majority that the trial court did not abuse its discretion when it determined that plaintiff was entitled to some form of relief under North Carolina Rule of Civil Procedure 59(a)(7).[1] I also agree with the majority, as well as both parties and the dissent, that the relief that the trial court ordered was not permitted under Rule 59 and that only a new trial, in whole or in part, could have been granted. I do not agree with the majority, however, that either we or the Court of Appeals should usurp the critical role of the trial court under Rule 59 and determine what parts of a new trial are justified in this complex medical malpractice case based on the cold appellate record. In my view, once a trial court appropriately decides to grant a new trial, Rule 59 leaves the trial court in the best position to determine the scope of that new trial. See N.C. R. Civ. P. 59(a) ("A new trial may be granted to all or any of the parties and on all or part of the issues") (emphasis added). Once the Court of Appeals determined that the trial court misapprehended the law in this case by choosing relief that cannot be granted after a jury trial under Rule 59, it would uphold best practices for the Court of Appeals (and this Court) to remand the case for reconsideration under the proper legal standard.
**836 In this case, after a jury verdict, plaintiff filed a motion under Rule 59 seeking an amended judgment or, in the alternative, a new trial on the issue of damages. The trial court granted the motion and amended the judgment, rather than granting a new trial. But, as the Court of Appeals properly held and no party challenges here, the trial court misapprehended the applicable law when it amended the judgment. See Justus v. Rosner , --- N.C. App. ----, ----, 802 S.E.2d 142, 152 (2017). While Rule 59 establishes grounds that allow a trial court to grant a new trial "on all or part of the issues," Rule 59 does not let the court "direct the entry of a new judgment" after a verdict by a jury. See N.C. R. Civ. P. 59(a). The rule allows entry of a new judgment only "in an action tried without a jury." See id. (emphasis added).
When this Court (or any court acting as an appellate court) finds that a trial court's ruling on a motion is based on a misapprehension of law, that ruling should be vacated or reversed and the case should be remanded to the trial court to decide the motion according to a proper understanding of the law. See Concerned Citizens of Brunswick Cty. Taxpayers Ass'n v. State ex rel. Rhodes , 329 N.C. 37, 54-55, 404 S.E.2d 677, 688 (1991) ("When the order or judgment appealed from was entered under a misapprehension of the applicable law, the judgment, including the findings of fact and conclusions of law on which the judgment was based, will be vacated and the case remanded for further proceedings."). We have applied this rule, for instance, when a trial court misapprehended one factor in a multi-factor test, which, in effect, led the trial court to apply the wrong legal rule, see Concerned Citizens , 329 N.C. at 45-46, 404 S.E.2d at 682-83 ; when a trial court denied, under a misapprehension of law, a motion to terminate a requirement to register as a sex offender, see State v. Moir , 369 N.C. 370, 389-90, 794 S.E.2d 685, 698-99 (2016) ; when a trial court necessarily applied an incorrect articulation of the law of judicial estoppel, see Whitacre P'ship v. Biosignia, Inc. , 358 N.C. 1, 38, 591 S.E.2d 870, 894 (2004) ; and when a trial court mistakenly concluded that it had no discretion to extend the time for service of a summons, *777 Lemons v. Old Hickory Council, Boy Scouts of Am., Inc. , 322 N.C. 271, 277, 367 S.E.2d 655, 658 (1988). I see no compelling reason for us to depart from this rule here.[2] **837 Here, after a jury verdict in a complex medical malpractice trial, the trial court found that Rule 59 relief was warranted, but then amended the judgment-a form of relief that Rule 59 does not permit after a jury trial. In doing so, the trial court misapprehended the law as to what relief Rule 59 would allow in this case. Because, here, the trial court only had the discretion to order "[a] new trial ... on all or part of the issues," N.C. R. Civ. P. 59(a), we should remand this case to the trial court so that the trial court may determine which issue(s) require a new trial. In this case, that means the trial court should determine if the new trial should address liability, damages, mitigation, or some combination of these and the myriad other issues decided by the jury. As appellate courts, both we and the Court of Appeals should be mindful of our appellate role, which in this instance means exercising restraint and reviewing the trial court's discretionary decision under Rule 59. In doing so, we can identify that the trial court ordered impermissible relief under Rule 59 and that the only permissible relief in this case would have been a new trial, in whole or in part. But we should not then substitute our own discretion-or encourage the Court of Appeals to do so-to determine, in the first instance, the scope of the new trial.
This standard of appellate review is not just more consistent with our institutional role as an appellate court. It also squares with the reason that appellate courts generally review Rule 59 orders for abuse of discretion instead of de novo-namely, that the trial court is better positioned to exercise the discretion that this standard of review vests in it. We have previously held that determining if a verdict has "been given under the influence of passion or prejudice," N.C. R. Civ. P. 59(a)(6), requires more than interpreting a cold record. It requires a complete understanding of the nuances and subtleties of the entire proceeding-something which is only available to the judicial officer who presided over the trial. See Worthington v. Bynum , 305 N.C. 478, 487, 290 S.E.2d 599, 605 (1982) (plurality opinion) (recognizing that "[d]ue to their active participation in the trial, their first-hand acquaintance with the evidence presented, their observances of the parties, the witnesses, the jurors and the attorneys involved, and their knowledge of various other attendant circumstances, presiding judges have the superior advantage in best determining what justice requires"). Similar reasoning applies to other grounds listed in Rule 59. For example, the trial judge who evaluated the **838 evidence when crafting jury instructions is in the best position to determine if there was "[m]anifest disregard by the jury of the instructions of the court." N.C. R. Civ. P. 59(a)(5).
The same logic applies to determining the scope of relief to be granted under Rule 59(a). Once the trial court determines that one or more of the grounds for relief under Rule 59(a) have been shown, it uses the knowledge and experience gained from its unique vantage point to fashion an appropriate form of relief. The trial court may have to determine, for example, which issues were infected by problematic evidence. That determination would affect the proper scope of the new trial-whether it needed to cover damages, liability, mitigation, or some combination of issues. In other words, because the scope of the relief to be granted under Rule 59 is so closely linked to the decision to grant Rule 59 relief, it is generally best for the trial judge to decide both questions in the first instance, and for those decisions to then *778 be reviewed only for abuse of discretion. Cf. Worthington , 305 N.C. at 487, 290 S.E.2d at 605 ("We believe that our appellate courts should place great faith and confidence in the ability of our trial judges to make the right decision, fairly and without partiality, regarding the necessity for a new trial."). This is especially true in this case, where the trial court has found multiple grounds for relief under Rule 59(a), while we only consider the legal sufficiency of one.
Admittedly, no party has raised the issue of whether an appellate court should substitute its own discretion to determine the scope of a new trial under a Rule 59 motion in this case. That is not surprising. The parties in this case want the issue to be decided in their favor ; they likely care little, if they care at all, about which court decides the issue. But, as this State's appellate court of last resort, we should care about the role of the trial courts and their " 'institutional advantages' over appellate courts in the 'application of facts to fact-dependent legal standards.' " Whitacre P'ship , 358 N.C. at 38, 591 S.E.2d at 894 (quoting Augur v. Augur , 356 N.C. 582, 586, 573 S.E.2d 125, 129 (2002) ). Otherwise, we leave it to parties appearing before us to determine the scope of appellate remedial authority as they alone see fit. Put simply, we should be vigilant to protect the salutary practice of allowing our trial courts to make this type of discretionary decision under Rule 59 in the first instance.
We should not depart from our customary appellate role here. Now that we have corrected the trial court's misapprehension of law, it would be best to let that court exercise its discretion within its proper bounds-discretion that would, of course, be subject to appellate review in the **839 ordinary course for abuse of discretion. I therefore concur in part and dissent in part from the majority opinion.
Justice JACKSON joins in this opinion.

Though plaintiff Pamela Justus initiated the action and underwent the surgeries at issue, after her death during the pendency of litigation, the administrator of her estate was substituted as plaintiff in this action. For simplicity, the term "plaintiff" encompasses both and should be read in context.

For simplicity, defendant Michael J. Rosner, M.D. and his medical practice Michael J. Rosner, M.D., P.A. are referred to as "defendant Rosner" throughout.