LELIA HESTER COLETRANE v. JAMES CHRISTIAN LAMB III

No. 7815SC927

(Filed 21 August 1979)

1. **Damages § 17— instructions**

The trial court's original instruction and additional response to the jury's question that it was the jury's province to determine the amount of damages and that plaintiff had the burden of proving the amount of damages sustained by the greater weight of the evidence clearly and correctly declared and explained the law on damages.

2. **Trial § 52.1— adequacy of award—refusal to set aside verdict proper**

The trial court did not err in denying plaintiff's motion to set aside the verdict because the damages were inadequate, even though the parties stipulated that plaintiff incurred hospital and doctor bills of $8,716.79, but the jury returned a verdict of $3,215.59, since the stipulation did not state that such medical bills were incurred by plaintiff in the treatment of injuries resulting from defendant's negligence, and there was evidence of illness of a nature other than the type that defendant's negligence could have caused.

APPEAL by plaintiff from *Farmer, Judge.* Judgment entered 4 May 1978 in Superior Court, ALAMANCE County. Heard in the Court of Appeals 13 June 1979.

Plaintiff sued defendant for damages for personal injuries sustained in an automobile accident. On the morning of 26 March 1976, while plaintiff was turning left into her mother's driveway, the defendant's car crashed into the left passenger area of plaintiff's car. Plaintiff sustained numerous injuries from the collision, a broken left clavicle, broken ribs, a badly torn fifth finger and a ruptured spleen. Plaintiff's finger was amputated and her spleen removed.

At trial, the jury was given three issues to consider:

(1) Did the plaintiff sustain personal injuries as a result of the negligence of the defendant as alleged in the Complaint?

(2) If so, did the plaintiff by her own negligence contribute to her injuries and damages?

(3) What amount, if any, is plaintiff entitled to recover from the defendant for personal injuries?

After deliberating, the jury returned to the courtroom and requested further instructions on the question of damages. The court responded and the jury returned to its deliberations. The jury's verdict was in favor of plaintiff on the first two issues, and plaintiff was awarded damages of $3,215.59 on the third issue.

Plaintiff moved for a new trial on the issue of damages and also on all issues on the ground that the verdict was inconsistent and invalid as a matter of law. Both motions were denied and judgment was entered in accord with the verdict. Plaintiff appeals from this judgment.

*Latham, Wood and Balog, by James F. Latham and B. F. Wood, for plaintiff appellant.*

*Teague, Campbell, Conely & Dennis, by C. Woodrow Teague and George W. Dennis III, for defendant appellee.*

MARTIN (Harry C.), Judge.

[1] Plaintiff argues in her first assignment of error that when the jury foreman requested an explanation of the law on damages, the trial court inadequately responded to the question. The jury foreman asked in essence whether the jury was bound by amounts given of certain expenses. The trial judge responded:

The jury—the jury puts the amount that—if you feel that the plaintiff is entitled to any amount of damages, it's the jury's province to determine that amount. The Court has not instructed you that you are required to return any particular figure. That is your job to determine the amount from the evidence, and the plaintiff has the burden to prove to you as to the amount of damages sustained by the greater weight

of the evidence. That is your job to determine the amount of damages.

Judge Farmer's additional instruction was correct in law and was a sufficient response to the jury's question. In the initial charge the jury was properly instructed on all pertinent issues raised by the evidence offered. Plaintiff did not request any specific instructions in the trial court and is barred from asserting them on appeal. A peremptory instruction as to damages would not have been proper in this case because the evidence was in conflict. *Distributing Corp. v. Parts, Inc.*, 7 N.C. App. 483, 173 S.E. 2d 41, *cert. denied*, 276 N.C. 575 (1970). The appellate court must review the trial court's charge to the jury contextually as a whole. *Nance v. Long*, 250 N.C. 96, 107 S.E. 2d 926 (1959). We hold the trial court's original instruction and additional response to the jury's question clearly and correctly declared and explained the law arising on all phases of the evidence. *Id.*

[2] Plaintiff's second assignment of error challenges the trial court's denial of her motion pursuant to Rule 59(a) of the North Carolina Rules of Civil Procedure to vacate and set aside the verdict of the jury as to damages and for a new trial. Plaintiff contends the verdict on the amount of damages was "inconsistent with uncontradicted evidence, not rendered in accordance with law, arbitrary, indicative of a manifest disregard by the jury of the instructions of the court, inadequate in view of the uncontradicted evidence and invalid as a matter of law." The granting or denial of a motion to set aside the verdict and for a new trial is within the sound discretion of the trial judge. *Dixon v. Young*, 255 N.C. 578, 122 S.E. 2d 202 (1961); *Evans v. Coach Co.*, 251 N.C. 324, 111 S.E. 2d 187 (1959). The ruling by a trial judge on a motion for a new trial is not subject to appellate review absent "a manifest abuse of discretion." *Scott v. Trogdon*, 268 N.C. 574, 575, 151 S.E. 2d 18, 18 (1966). Plaintiff contends there was a manifest abuse of discretion because the jury verdict on damages was contrary to the greater weight of the evidence. This argument is premised on the stipulation between the parties that plaintiff incurred hospital and doctor bills in the total sum of $8,716.79, yet the jury returned a verdict of $3,215.59.

A review of the evidence and the effect of the stipulation on the jury in its role as the trier of fact shows no manifest abuse of

discretion by the trial judge in his denial of plaintiff's motion to set aside the verdict and for a new trial. In the first issue submitted to the jury, it found that plaintiff was injured and that her injury resulted from the negligence of defendant. In the second issue submitted to the jury, it found that plaintiff was not contributorily negligent. The parties stipulated plaintiff incurred medical bills in the sum total of $8,716.79. However, this stipulation did not state that such medical bills were incurred by plaintiff in the treatment of injuries resulting from defendant's negligence. There was evidence of illnesses of a nature other than the type that defendant's negligence could have caused. First, plaintiff was hospitalized and treated for pneumonia. Although Dr. Battigelli testified that plaintiff's internal injuries received in the auto accident "could or might have been related in some logic [sic] fashion to the accident," the jury as trier of fact could or could not believe the testimony of this witness on this point. It is the province of the jury to weigh the evidence and determine questions of fact. *Howard v. Mercer*, 36 N.C. App. 67, 243 S.E. 2d 168 (1978). The function of the jury as the trier of fact, allocated to it by the Constitution, must be given the utmost consideration and deference before a jury's decision is to be set aside. N.C. Const. art. I, § 25. Second, Dr. Battigelli testified that a diagnosis of cancer emerged in the treatment of plaintiff. He stated that he did not treat plaintiff for the cancer, but that he referred her to the GYN service at UNC Memorial Hospital. This evidence left open the question of whether plaintiff was treated for the cancer at UNC Memorial Hospital and, if so, whether the cost of this treatment was included in the stipulated medical bills. Plaintiff did not allege or offer proof that the cancer was a result of the accident.

The jury was instructed to find by the greater weight of the evidence whether the medical expenses incurred by the plaintiff were the proximate result of the defendant's negligence. As discussed above, questions were raised by the evidence as to whether all of the stipulated medical expenses were incurred by plaintiff as a result of defendant's negligence.

Plaintiff also contends the jury failed to award other damages for personal injury. This we do not know and as to this question cannot speculate since the jury did not allocate the damages to particular causes. Plaintiff argues that her evidence

---

was uncontradicted. However, the above discussion tends to show the evidence was not so unequivocal and clear. Even though evidence is uncontradicted, the credibility of the evidence is exclusively for the jury. *Morris v. Tate*, 230 N.C. 29, 51 S.E. 2d 892 (1949). "Even though, upon plaintiff's evidence, reasonable minds might well differ as to the amount of damages to which she is entitled, yet an abuse of discretion is not manifest." *Sherrill v. Boyce*, 265 N.C. 560, 144 S.E. 2d 596 (1965).

We hold the trial court judge did not abuse his discretion in the denial of plaintiff's motions to set aside the verdict and for a new trial because the damages were inadequate.

No error.

Chief Judge MORRIS and Judge PARKER concur.