CLIFTON RAY SELLERS, PLAINTIFF v. CSX TRANSPORTATION, INC., DEFENDANT

No. 9012SC766

(Filed 16 April 1991)

1. **Automobiles and Other Vehicles § 45.6 (NCI3d)— personal injury action—photographs of potholes—admissibility**

   In an action to recover for personal injuries sustained while plaintiff was riding a moped where plaintiff alleged that defendant was negligent in failing to repair potholes in its railroad right of way, the trial court did not err in admitting photographs taken five months after the date of the accident, since plaintiff testified that the pictures were a fair and accurate representation of the hole when he first examined it upon his release from the hospital; there was no showing that conditions at the scene had changed between the time of the accident and the time several weeks later when plaintiff first examined the hole; and another witness testified that the hole depicted in the photograph looked the same as when she saw plaintiff on the ground after the accident and that the hole and the general condition of the tracks had remained unchanged for 5 to 6 years prior to the accident.

   **Am Jur 2d, Evidence §§ 789, 793.**

2. **Railroads § 5.2 (NCI3d)— personal injury action—railroad's violation of safety statute—instruction on negligence per se proper**

   Since N.C.G.S. § 62-224 imposing on defendant railway the duty to maintain crossings so as not to endanger the passage

SELLERS v. CSX TRANSPORTATION, INC.

[102 N.C. App. 563 (1991)]

of persons across them and a Fayetteville City Ordinance requiring that defendant railway do all things necessary for a smooth, easy, and comfortable crossing by every kind of vehicle were safety statutes, and violation of a duty imposed by a safety statute is negligence per se and conclusive evidence of both the presence of a duty and a breach of it, the trial court in a personal injury action arising from defendant's alleged negligence in failing to repair potholes in its right of way did not err in instructing the jury on negligence per se.

**Am Jur 2d, Railroads §§ 480, 481, 483.**

**Railroad's liability to owner or occupants of motor vehicle for accident allegedly resulting from defective condition of road surface at crossing. 91 ALR2d 10.**

3. **Railroads § 5.3 (NCI3d) — automobile accident — plaintiff's contributory negligence**

In a personal injury action arising from defendant's alleged negligence in failing to repair potholes in its right of way, the trial court did not err in refusing to grant a new trial upon defendant's motion for judgment n.o.v. on the issue of plaintiff's alleged contributory negligence where plaintiff offered evidence that he slowed down on approaching the crossing to assure his safety, and the evidence thus did permit an inference that plaintiff was not contributorily negligent.

**Am Jur 2d, Railroads §§ 524, 538.**

APPEAL by defendant from a judgment entered 11 January 1990 in Superior Court, CUMBERLAND County, by *Judge E. Lynn Johnson*. Heard in the Court of Appeals 11 February 1991.

Plaintiff instituted this action against CSX Transportation, Inc. to recover damages for personal injury sustained while riding a moped, alleging that his injury was caused by the negligence of CSX Transportation in failing to repair potholes in its right-of-way. The case was tried before a jury in the Superior Court of Cumberland County which returned a verdict for plaintiff in the amount of five hundred thirty-seven thousand six hundred forty-eight dollars. Defendant appeals.

**SELLERS v. CSX TRANSPORTATION, INC.**

[102 N.C. App. 563 (1991)]

*Canady, Person & Britt, by Carl L. Britt, Jr., for plaintiff-appellee.*

*McLean, Stacy, Henry & McLean, by Everett L. Henry, for defendant-appellant.*

LEWIS, Judge.

On 18 September 1987 Clifton Ray Sellers was operating a moped along East Russell Street in Fayetteville at approximately 8:30 a.m. Upon approaching the railroad crossing he slowed down to make sure he crossed the tracks at the proper angle. As he crossed the tracks he struck a hole in the pavement between the tracks and was thrown from the moped, severely injuring his left leg and knee and rendering him permanently disabled. In February of 1988, Mr. Sellers took photographs of the hole. The photographs were admitted into evidence at trial, where Mr. Sellers stated that the pictures were a fair and accurate representation of the hole when he first examined it upon his release from the hospital in October of 1988.

[1] Appellant first argues that the trial court erred in allowing the photographs into evidence when they were taken five months after the date of the accident. Photographs may be used as substantive evidence upon the laying of a proper foundation, N.C.G.S. § 8-97, and may be admitted when they are a fair and accurate portrayal of the place in question and are sufficiently authenticated. *Thomas v. Dixson*, 88 N.C. App. 337, 344, 363 S.E.2d 209, 214 (1988). The trial court admitted the photographs as illustrative evidence only. Where there is conflicting evidence as to the similarity of conditions at the time of the accident and at the time the photographs are made, the admissibility of the exhibits is a matter within the sound discretion of the trial judge. *Id.* We note there is no evidence in the record suggesting that conditions at the crossing had changed between the time of the accident and the time, several weeks later, when Mr. Sellers first examined the hole. Mr. Sellers testified that the photograph represented a fair and accurate depiction of the hole at the time of his first examination of it in October of 1988. Where the exhibits are properly authenticated and there is conflicting evidence as to the similarity of conditions at the time of the accident and at the time the exhibits were made, the issue of accuracy goes to the weight and not the admissibility of the exhibit. *Kepley v. Kirk*, 191 N.C. 690, 693,

132 S.E. 788, 790 (1926). We also note the testimony of witness Harvell, who stated that the hole depicted in the photograph looked the same as when she saw Mr. Sellers on the ground after the accident and that the hole and the general condition of the tracks had remained unchanged for 5 to 6 years prior to the date of the accident. We therefore conclude that the trial judge acted entirely within the scope of his discretion in admitting the photographs into evidence.

[2]  The appellant argues that the trial court erred in instructing the jury on negligence per se in that the railroad violated N.C.G.S. § 62-224 and the City Code of Fayetteville, Chapter 25. Appellant mistakenly argues that under North Carolina case law a jury instruction of negligence per se is appropriate only where the statute establishes a standard of strict liability. The statute imposes on the railroad the duty to maintain crossings so not to "endanger the passage or transportation of persons or property along, over or across (the crossing)" and "so that persons may cross and property be safely transported across the same." N.C.G.S. § 62-224. This duty is "prescribed by the statute and has been recognized and enforced by this Court in numerous decisions." *Price v. Railroad*, 274 N.C. 32, 39, 161 S.E.2d 590, 596 (1968). The Fayetteville City Ordinance prescribes that the railroad "do all such . . . things as may be necessary for a smooth, easy and comfortable crossing of track by pedestrians and every kind of vehicle." Both the statute and the city ordinance are designed for the protection of the public and are, consequently, safety statutes. *Jackson v. Housing Authority of High Point*, 73 N.C. App. 363, 369, 326 S.E.2d 295, 299 (1985), *aff'd*, 316 N.C. 259, 341 S.E.2d 523 (1986). Violation of a duty imposed by a safety statute is negligence per se and conclusive evidence of both the presence of a duty and a breach of it. However, recovery still requires proof of proximate cause. *Pearson v. Luther*, 212 N.C. 412, 421, 193 S.E. 739, 747 (1937). The record shows that the trial court did not suggest, in its instructions to the jury, that a violation of either the statute or the city ordinance established strict liability on the part of the defendants. We conclude that the trial court did not err in its instructions to the jury on the issue of negligence per se.

[3]  Finally, the appellant argues that the trial court erred in refusing to grant a new trial upon defendant's motion for a judgment notwithstanding the verdict on the issue of plaintiff's alleged contributory negligence. Upon a motion by defendant for a judgment

notwithstanding the verdict, all the evidence of the plaintiff must be taken as true and considered in the light most favorable to him. *Musgrave v. Savings and Loan Assoc.*, 8 N.C. App. 385, 392, 174 S.E.2d 820, 824 (1970). In *Bowen v. Gardner*, 275 N.C. 363, 366, 168 S.E.2d 47, 51 (1969), the Supreme Court held that a motion for judgment notwithstanding the verdict should be denied where opposing inferences are permissible from the plaintiff's evidence regarding the issue of contributory negligence. *Id.* We note that the plaintiff testified that he slowed down on approaching the crossing to assure his safety. We agree with the trial judge that when viewed in the light most favorable to the plaintiff, the evidence does permit the inference that the plaintiff was not contributorily negligent. The trial court did not err in denying the motion for a judgment notwithstanding the verdict. *Id.*

No error.

Chief Judge HEDRICK concurs in the result only.

Judge COZORT concurs.