SHAUNNA DAUM, A MINOR, BY GARY D. HENDERSON, HER GUARDIAN AD LITEM
v. LORICK ENTERPRISES, INC.

No. 9121SC356

(Filed 18 February 1992)

**Rules of Civil Procedure § 59 (NCI3d) — emotional distress — damages — new trial**

    A jury arbitrarily ignored the evidence of plaintiff's pain and suffering and entered an inconsistent verdict not in accordance with the law in an action seeking damages for intentional infliction of emotional distress and negligent hiring or retention of an employee where plaintiff proffered uncontradicted evidence that she suffered severe mental distress as a result of intentional sexual harassment and molestation by defendant's manager and that she suffered from the permanent condition of Post-Traumatic Stress Disorder; the jury found that the manager had inflicted severe emotional distress upon plaintiff and that defendant was negligent in hiring and/or retaining the manager; and the jury awarded plaintiff $1300 for medical expenses incurred as of the date of trial, but awarded nothing for future medical expenses or severe emotional distress, the very essence of the claim. The error in assessing damages did not affect the entire verdict and it is therefore proper to order a partial new trial on the issue of damages alone.

DAUM v. LORICK ENTERPRISES

[105 N.C. App. 428 (1992)]

**Am Jur 2d, Damages §§ 240, 251, 252, 254, 269.**

**Recovery of damages as remedy for wrongful discrimination under state or local civil rights provisions. 85 ALR3d 351.**

**Recovery of damages for emotional distress resulting from discrimination because of sex or marital status. 61 ALR3d 944.**

APPEAL by plaintiff from *Freeman (William H.), Judge*. Judgment entered 19 August 1990 in Superior Court, FORSYTH County. Heard in the Court of Appeals 10 February 1992.

This is a civil action wherein plaintiff, through her guardian *ad litem*, is seeking damages against defendants Lorick Enterprises, Inc., and Warren Holderman (hereinafter "Holderman") for intentional infliction of emotional distress and negligent hiring and/or retention of an employee. A default judgment was entered against Holderman on 28 August 1989, pursuant to N.C.R. Civ. P. 55(a), for failure to file an answer or responsive pleading. The facts of this action are summarized as follows: Defendant Lorick Enterprises, Inc. hired plaintiff Shaunna Daum, a fifteen year old, as a cashier and cook at its Little Caesar's Pizza Restaurant in Winston-Salem, North Carolina. On 10 February 1989, the new manager at this restaurant, Holderman, sent the employees home around 10:00 p.m., with the exception of plaintiff. After the other employees left, plaintiff and Holderman were alone in the restaurant.

When plaintiff went to the kitchen area in the rear of the restaurant to make a pizza, Holderman pushed her against a walk-in refrigerator and started kissing plaintiff on her lips and neck, and began fondling and pressing his chest against her breasts. Plaintiff yelled at Holderman, telling him to leave her alone. Holderman apologized, and told plaintiff that he would not do that again and would leave her alone. At that time, a customer entered the restaurant and plaintiff went to wait on him, with Holderman following behind her. After the customer left the store, Holderman told plaintiff to come into his office, although there was no office at the restaurant. Holderman then pushed plaintiff into the restroom and closed the door. Holderman unzipped both their pants, and told plaintiff that he really needed sex and that he "wanted it." Holderman also fondled the plaintiff's buttocks while he had her pinned in the restroom for fifteen to twenty minutes trying to have sex with her. Plaintiff yelled at him and was finally able to push him away and run out of the restaurant.

Evidence was presented at trial tending to show that prior to defendant hiring Holderman, he had sexually molested a ten year old girl, and had pled guilty to assault on a female. Holderman indicated on his application to defendant that he had been convicted of a crime, but defendant never questioned him about his criminal conviction. After defendant hired Holderman, he sexually molested another female employee in a manner similar to plaintiff. Defendant moved Holderman to the restaurant where he molested plaintiff within two weeks of his transfer. As a result of Holderman's sexual harassment and molestation of plaintiff, she suffered severe mental distress and was diagnosed as having the permanent psychological condition of Post-Traumatic Stress Disorder. Plaintiff's medical bills at the time of trial totalled $1,300.00. Plaintiff's evidence tends to show that her future medical expenses for continued psychiatric treatment will be approximately $22,000.00.

Judge Freeman charged the jury that plaintiff had presented evidence of past and future pain and suffering, past and future medical expenses, and a permanent psychiatric condition. The court also charged that if the jury found the corporate defendant negligent, plaintiff would be entitled to recover in a lump sum the present worth of all damages, past, present, and prospective, which naturally and proximately resulted from such negligence, and that these damages included medical expenses and pain and suffering.

The jury found Holderman did inflict severe emotional distress upon plaintiff, and that defendant Lorick Enterprises was negligent in hiring and/or retaining him as an employee. The jury awarded plaintiff $1,300.00 in actual damages and no punitive damages. Plaintiff filed a motion for a new trial on the issue of actual damages, which was denied by the court. From a judgment on the verdict and from the court's denial of her motion for a new trial, plaintiff appealed.

*Kennedy, Kennedy, Kennedy & Kennedy, by Harold L. Kennedy, III, and Harvey L. Kennedy, for plaintiff, appellant.*

*David F. Tamer for defendant, appellee.*

HEDRICK, Chief Judge.

Plaintiff's sole argument on appeal is that the trial court erred in denying her motion for a new trial on the issue of damages.

Rule 59 of the North Carolina Rules of Civil Procedure provides in pertinent part:

> A new trial may be granted to all or any of the parties and on all or part of the issues for any of the following causes or grounds: . . . (5) Manifest disregard by the jury of the instructions of the court; (6) Excessive or inadequate damages appearing to have been given under the influence of passion or prejudice; . . . .

Accordingly, the court may award a new trial in the situation where the damages awarded by the jury are inadequate as a matter of law. *Hinton v. Kline*, 238 N.C. 136, 76 S.E.2d 162 (1953).

In *Robertson v. Stanley*, 285 N.C. 561, 206 S.E.2d 190 (1974), plaintiff and his father brought suit to recover damages for injuries sustained when plaintiff was struck by an automobile. The jury found plaintiff and his father were damaged by the negligence of the defendant, and that neither was contributorily negligent. The jury awarded damages to the father for medical expenses incurred. However, despite plaintiff's uncontroverted evidence of permanent scarring and pain and suffering, the jury awarded plaintiff nothing on his claim for these damages. Pursuant to N.C.R. Civ. P. 59, plaintiff moved for a new trial. The trial court denied the motion and entered judgment on the verdict from which plaintiff appealed. On appeal, the Supreme Court stated:

> Under such circumstances, with the evidence of pain and suffering clear, convincing and uncontradicted, it is quite apparent that the verdict is not only inconsistent but also that it was *not rendered in accordance with the law*. Such verdict indicates that the jury arbitrarily ignored plaintiff's proof of pain and suffering. If the minor plaintiff was entitled to a verdict against defendant by reason of personal injuries suffered as a result of defendant's negligence, then he was entitled to *all* damages that the law provides in such case.

*Id.* at 566, 206 S.E.2d at 193-94.

As in *Robertson* plaintiff, in the present case, proffered uncontradicted evidence that she suffered severe mental distress as a result of the intentional sexual harassment and molestation by defendant's manager, Holderman, and that she suffered from the permanent condition of Post-Traumatic Stress Disorder. The jury found Holderman inflicted severe emotional distress upon plaintiff

and that defendant was negligent in hiring and/or retaining Holderman as an employee. The jury awarded plaintiff $1,300.00 for medical expenses incurred as of the date of trial, but awarded nothing for future medical expenses, or severe emotional distress, the very essence of the claim.

We hold the jury arbitrarily ignored the evidence of plaintiff's pain and suffering and entered an inconsistent verdict not in accordance with the law. Furthermore, we find the error in assessing damages did not affect the entire verdict, and therefore it is proper to order a partial new trial on the issue of damages alone. *See Fortune v. First Union National Bank*, 323 N.C. 146, 371 S.E.2d 483 (1988).

Therefore, the judgment is vacated, and the cause is remanded for a partial new trial solely on the issue of damages.

Vacated and remanded.

Judges WELLS and JOHNSON concur.