GARY ROBERT ALBRECHT, JANE WHITE ALBRECHT, AND PHILIP FRANCIS ALBRECHT, A MINOR, BY RAYMOND MARSHALL, HIS GUARDIAN AD LITEM, PLAINTIFFS v. MELBA DORSETT, SUBSTITUTED DEFENDANT AND EXECUTRIX OF THE ESTATE OF HARRISON LINDSAY DORSETT, DEFENDANT

No. COA97-1249

(Filed 1 December 1998)

1. **Appeal and Error— cross-assignment of error—improper challenge to order**

   Defendant's challenge to the contents of the trial court's order granting partial summary judgment for plaintiffs on the issue of liability was not properly raised by cross-assignment of error where the judgment from which plaintiffs appealed deals solely with damages; furthermore, the issue was not legitimately before the appellate court as a cross-appeal where defendant did not give notice of appeal from the order. N.C. R. App. P. 10(d).

2. **Damages and Remedies— inadequate damages—motion for a new trial denied**

   The trial court did not err in the denial of plaintiffs' motion for a new trial on the issue of damages because the damages awarded were less than plaintiffs' past medical expenses where plaintiffs presented expert testimony describing the nature and extent of their injuries, but defendant's cross-examination of these expert witnesses severely damaged their credibility.

### 3. Evidence— speed of vehicle—time of collision—severity of injuries

Testimony pertaining to a driver's speed at the time he struck plaintiffs' van from behind was relevant to the issue of the severity of plaintiffs' injuries in this action to recover damages for those injuries.

### 4. Evidence— videotape—physical activities—extent of injuries

A surveillance videotape depicting plaintiffs engaging in various physical activities was relevant to the issue of whether and to what extent plaintiffs were disabled by injuries sustained in an automobile accident. N.C.G.S. § 8-97; N.C.G.S. § 8C-1, Rule 401.

Appeal by plaintiffs from judgment entered 17 December 1996 by Judge L. Todd Burke in Forsyth County Superior Court. Heard in the Court of Appeals 3 June 1998.

*Kennedy, Kennedy, Kennedy and Kennedy, L.L.P., by Harvey L. Kennedy and Harold L. Kennedy III, for plaintiffs-appellants.*

*Pinto, Coates, Kyre & Brown, P.L.L.C., by Kenneth Kyre, Jr., for defendant-appellee.*

TIMMONS-GOODSON, Judge.

Plaintiffs, Dr. Gary Robert Albrecht, Dr. Jane White Albrecht, and their minor son, Philip Francis Albrecht, seek to set aside the jury's verdict in their personal injury action, on the ground that the damages awarded were inadequate as a matter of law. In addition, plaintiffs challenge the trial court's failure to exclude certain testimonial and demonstrative evidence, on the basis that such evidence was inadmissible and highly prejudicial. For the reasons set forth herein, we discern no error.

On 4 April 1993, a vehicle driven by Harrison Lindsay Dorsett, now deceased, struck the rear of plaintiffs' van while it was stopped at an intersection. Plaintiffs filed a negligence action against Dorsett alleging that they were each severely and permanently injured as a result of the automobile collision. On 11 March 1996, plaintiffs moved for partial summary judgment on the issue of liability. The trial court granted the motion and ruled that the case proceed to trial only on the issue of damages. The matter was tried before a jury, and on 25 September 1996, the jury returned a verdict awarding $200 to Dr. Gary

Albrecht, $3,200 to Dr. Jane Albrecht, and $200 to Philip Albrecht. On 3 October 1996, plaintiffs filed a motion for a new trial on the issue of actual damages. The trial court denied the motion, and plaintiffs appeal.

[1] Before proceeding to our analysis of plaintiffs' arguments, we must address a preliminary procedural matter. In the record, defendant raises a "cross-assignment of error" challenging the contents of the trial court's order granting summary judgment to plaintiffs on the issue of liability. Rule 10(d) of the North Carolina Rules of Appellate Procedure provides that an appellee may cross-assign as error any action or omission of the trial court "which deprived the appellee of an alternative basis in law for supporting the judgment, order, or other determination from which appeal has been taken." N.C.R. App. P. 10(d). Under Rule 10(d), defendant's challenge is not properly raised by cross-assignment of error, because the judgment from which plaintiffs appeal deals solely with damages, not liability. Therefore, the matter raised by defendant's purported "cross-assignment of error" is more suitably the subject of a cross-appeal.

Rule 3(a) of our Appellate Rules provides as follows:

> Any party entitled by law to appeal from a judgment or order of a superior or district court rendered in a civil action or special proceeding may take appeal by filing notice of appeal with the clerk of superior court and serving copies thereof upon all other parties within the time prescribed by subdivision (c) of this rule.

N.C.R. App. P. 3(a). Failure of a party to file a notice of appeal regarding a particular order deprives this Court of jurisdiction over issues arising out of the order. *Smith v. Smith*, 43 N.C. App. 338, 258 S.E.2d 833 (1979). Thus, since defendant did not properly appeal the order of summary judgment, the issue raised in her purported "cross-assignment of error" is not legitimately before this Court. *See* N.C.R. App. P. 10(d) (setting forth the scope of review on appeal); *Brown v. Brown*, 112 N.C. App. 614, 436 S.E.2d 404 (1993) (dismissing plaintiff's cross-assignment of error challenging court's failure to sanction attorney, because such issue was more appropriately the subject of a cross-appeal, and plaintiff failed to appeal from order denying sanctions). Accordingly, we must dismiss defendant's "cross-assignment of error" and strike all other matters pertaining to the order of partial summary judgment, including "Plaintiffs' Reply Brief," "Defendant-Appellee's Motion to Strike and Dismiss Plaintiffs-Appellants' Reply Brief" and "Plaintiffs-Appellants' Response to Defendant-Appellee's

Motion to Strike and Dismiss Plaintiffs-Appellants' Reply Brief." Having disposed of this initial concern, we turn now to the arguments asserted by plaintiffs on appeal.

**[2]** By their first assignment of error, plaintiffs contend that the trial court erroneously denied their motion for a new trial on the issue of actual damages. Plaintiffs argue that the jury's verdict was inadequate as a matter of law, because the damages awarded were far less than plaintiffs' past medical expenses. Plaintiffs further argue that in rendering its verdict, the jury manifestly disregarded the trial court' instructions. We disagree.

Rule 59 of the North Carolina Rules of Civil Procedure pertinently provides as follows:

> A new trial may be granted to all or any of the parties and on all or part of the issues for any of the following causes or grounds:
>
> . . .
>
> (5) Manifest disregard by the jury of the instructions of the court; [and]
>
> (6) Excessive or inadequate damages appearing to have been given under the influence of passion or prejudice[.]

N.C.R. Civ. P. 59. Accordingly, the trial court may grant a new trial "where the damages awarded by the jury are inadequate as a matter of law." *Daum v. Lorick Enterprises*, 105 N.C. App. 428, 431, 413 S.E.2d 559, 561 (1992). Whether to grant or deny a motion to set aside a jury verdict is committed to the sound discretion of the trial court. *Coletrane v. Lamb*, 42 N.C. App. 654, 656, 257 S.E.2d 445, 447 (1979). Thus, the trial court's ruling in this regard will not be disturbed "absent 'a manifest abuse of discretion.'" *Id.* (quoting *Scott v. Trogdon*, 268 N.C. 574, 575, 151 S.E.2d 18, 18 (1966)).

"Where there is no stipulation as to damages, testimony of witnesses as to [the] nature of plaintiffs' injuries and extent of [the] damages is simply evidence in [the] case to be considered by [the] jury." *Pelzer v. United Parcel Service*, 126 N.C. App. 305, 311, 484 S.E.2d 849, 853, *disc. review denied*, 346 N.C. 549, 488 S.E.2d 808 (1997). "It is the province of the jury to weigh the evidence and determine questions of fact." *Coletrane*, 42 N.C. App. at 657, 257 S.E.2d at 447. Moreover, as the finder of fact, the jury is "entitled to draw its own conclusions about the credibility of the witnesses and the weight to

accord the evidence." *Smith v. Price*, 315 N.C. 523, 530, 340 S.E.2d 408, 413 (1986). The jury's function as trier of fact "must be given the utmost consideration and deference before a jury's decision is to be set aside." *Coletrane*, 42 N.C. App. at 657, 257 S.E.2d at 447 (citing N.C. Const. art. I, s. 25).

In the case *sub judice*, plaintiffs introduced expert testimony describing the nature and extent of their injuries. Plaintiffs contend that this evidence was undisputed and that the jury's verdict was, therefore, inconsistent with the evidence and contrary to North Carolina law. As support for this argument, plaintiffs cite *Daum*, 105 N.C. App. 428, 413 S.E.2d 559, which involved an employee who prevailed against her employer and supervisor in an action alleging intentional infliction of emotional distress and negligent hiring and/or retention of the supervisor. On appeal, this Court held that the employee was entitled to a new trial on the issue of damages, because the jury arbitrarily ignored evidence of the employee's pain and suffering and her need for future medical expenses.

However, the evidence in the present case regarding plaintiffs' injuries was not unequivocal. Although defendant did not bring forth experts to contradict the testimony of plaintiffs' physicians, defendant contends, and the record confirms, that the cross-examination of plaintiffs' experts yielded responses contradicting their direct testimony. Unlike *Daum*, the evidence brought out on cross-examination severely damaged the credibility of plaintiffs' experts. Since "credibility of the evidence is exclusively for the jury," *Coletrane*, 42 N.C. App. at 658, 257 S.E.2d at 447, it was well within the jury's power to minimize or wholly disregard the testimony given by plaintiffs' medical experts. Furthermore, nothing in the record suggests that the jury improperly deliberated the issue of plaintiffs' damages. Hence, we hold that the trial court did not abuse its discretion in denying plaintiffs' motion for a new trial.

**[3]** Plaintiffs next assign error to the trial court's decision permitting defendant's counsel to read portions of Dorsett's deposition to the jury. In particular, plaintiffs argue that the portion of Dorsett's testimony pertaining to his speed at the time of impact was irrelevant to the issue of damages and was highly prejudicial. We cannot agree, as such evidence was relevant to the extent of the injuries sustained by plaintiffs.

Generally, all relevant evidence is admissible and that which is not relevant is not admissible. N.C.R. Evid. 402. Rule 401 of the North

Carolina Rules of Evidence defines "[r]elevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." N.C.R. Evid. 401. The extent of the injuries plaintiffs sustained as a result of the impact was unquestionably a "fact that is of consequence to the determination of th[is] action." *Id.* Since the speed of Dorsett's vehicle when it struck plaintiffs' van bears on the issue of the severity of plaintiffs' injuries, this testimony was relevant and admissible. Nevertheless, relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. N.C.R. Evid. 403. While plaintiffs claim that the evidence concerning Dorsett's speed was "highly prejudicial," they have not shown any prejudice, and we can find none. Therefore, we summarily reject this argument as unpersuasive.

[4] With their final assignment of error, plaintiffs contend that the trial court incorrectly allowed defendant to introduce a surveillance videotape as substantive evidence. Plaintiffs argue that the videotape lacked relevance and proved to be highly prejudicial. Again, we must disagree.

Under North Carolina law, videotapes are admissible both as substantive and illustrative evidence. *City of Statesville v. Cloaninger*, 106 N.C. App. 10, 14, 415 S.E.2d 111, 114 (1992). Section 8-97 of our General Statutes provides as follows:

> Any party may introduce a photograph, video tape, motion picture, X-ray or other photographic representation as substantive evidence upon laying a proper foundation and meeting other applicable evidentiary requirements. This section does not prohibit a party from introducing a photograph or other pictorial representation solely for the purpose of illustrating the testimony of a witness.

N. C. Gen. Stat. 8-97 (1986). Plaintiffs, in the instant case, do not contend that the videotape was not properly authenticated; instead, plaintiffs argue that under Rule 401, the contents of the videotape were not relevant to the issue of plaintiffs' damages. As previously stated, Rule 401 describes relevant evidence as that which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." N.C.R. Evid. 401. The videotape introduced in this case depicted plaintiffs engaging in various physical activities,

which was probative of whether and to what extent plaintiffs were disabled by the injuries they sustained in the automobile accident. Hence, plaintiffs' argument fails.

However, plaintiffs also argue that the length of the videotape and its repetitious nature were unfairly prejudicial. "Whether evidence should be excluded as unduly prejudicial . . . rests within the sound discretion of the trial court." *Carrier v. Starnes*, 120 N.C. App. 513, 519, 463 S.E.2d 393, 397 (1995). A ruling by the trial court on a discretionary matter will not be reversed unless the decision was arbitrary or " 'lacked any basis in reason.' " *Id.* at 520, 463 S.E.2d at 397 (quoting *Judkins v. Judkins*, 113 N.C. App. 734, 740, 441 S.E.2d 139, 142, *disc. review denied*, 336 N.C. 781, 447 S.E.2d 424 (1994)). Because the videotape was properly admitted under section 8-97 of the General Statutes and Rule 401 of the Rules of Evidence, we hold that the ruling of the trial court admitting the videotape was "neither capricious nor ill-considered," *id.*, and we reject plaintiff's argument to the contrary.

We note that plaintiffs raise two additional assignments of error in the record, but fail to address them in their brief. Therefore, they are deemed to be abandoned. N.C.R. App. P. 28(b)(5).

In light of the foregoing, we conclude that plaintiffs enjoyed a fair trial, free from prejudicial error.

No error.

Judges GREENE and MARTIN, Mark D., concur.