McCULLOUGH, Judge.
Plaintiff Jeffrey S. Caudill appeals from the trial court's order which denied his motion for a new trial. A brief summary of the facts which gives rise to this dispute are listed below.
On 15 April 1999, plaintiff's vehicle was stopped at a traffic signal on Holden Road, in Greensboro, North Carolina. Ellen Odoom operated the vehicle that was stopped behind plaintiff. As the vehicles waited at the red light, a 1998 Ford struck Odoom's vehicle from behind. Because of the impact, Odoom's vehicle, in turn, struck plaintiff's vehicle. Defendant Sandra Holt was the driver of the Ford that caused the accident, and defendant Lawrence Sharp was the owner of the vehicle.
As a result of the accident, plaintiff claimed that he suffered bodily injury. He alleged that defendant Holt was negligent in causing the accident, and her negligence should be imputed to defendant Sharp under the family purpose doctrine. Plaintiff sought over $10,000.00 in damages.
During discovery, plaintiff took the deposition of his physician, Dr. Vincent Paul. Dr. Paul treated defendant for the alleged injuries arising out of the accident at issue in this case; he also assisted plaintiff for previous injuries that resulted from a 1994 accident in which plaintiff was also rear-ended.
Dr. Paul stated that plaintiff received an injection of cortisone into his lower back after the 1994 injury. At that time, plaintiff was released with a 5% permanent partial impairment to his spine.
The next time Dr. Paul saw plaintiff was on 23 April 1999. This was after the accident at issue in this case. Dr. Paul gave plaintiff prescriptions for muscle relaxers and pain relievers.
On 12 May 1999, Dr. Paul determined that plaintiff's symptoms were resolving. The following week, Dr. Paul noted that plaintiff had normal reflexes in his arms and no motor weakness. However, in June, plaintiff had an episode of severe arm and neck pain and went to the emergency room for treatment. Shortly thereafter, Dr. Paul determined that plaintiff's cigarette smoking could have been delaying his healing. He also believed that smoking may have contributed to the failure of the 1994 injury to fully resolve.
In January of 2000, plaintiff began to suffer from lower back pain. Dr. Paul opined that the low back pain was not related to the accident and that plaintiff had preexisting degenerative disk disease throughout his spine.
On 24 April 2003, the jury found that defendant Holt's negligence was the cause of plaintiff's injuries. The jury awarded plaintiff $1.00 in damages. Plaintiff filed a motion for a new trial, but the trial judge denied that request. Plaintiff appeals. On appeal, plaintiff argues that the trial court erred by (1) denying plaintiff's motion for a new trial and (2) allowing defendants to give the last argument to the jury. We disagree and affirm the decision of the trial court.
I. Motion for a New Trial
Plaintiff argues that the trial court erred in denying his motion for a new trial. We disagree.
N.C. Gen. Stat. § 1A-1, Rule 59(a) (2003) provides various grounds for granting a new trial. For example, a new trial may be warranted when passion or prejudice leads the jury to award excessive or inadequate damages. N.C. Gen. Stat. § 1A-1, Rule 59(a)(6) (2003). However, the trial court has broad discretion in determining whether a motion for a new trial should be granted:
It has been long settled in our jurisdiction that an appellate court's review of a trial judge's discretionary ruling either granting or denying a motion to set aside a verdict and order a new trial is strictly limited to the determination of whether the record affirmatively demonstrates a manifest abuse of discretion by the judge.
Worthington v. Bynum, 305 N.C. 478, 482, 290 S.E.2d 599, 602 (1982). Our courts have "evinced a positive hesitancy to review such discretionary rulings by the trial court except in rare cases[.]" Id.
Plaintiff acknowledges that the decision to grant a new trial is reserved for exceptional cases. Nevertheless, he suggests that a new trial is warranted here. In particular, plaintiff cites Daum v. Lorick Enterprises, 105 N.C. App. 428, 413 S.E.2d 559, disc. review denied, 331 N.C. 383, 417 S.E.2d 789 (1992). In that case, plaintiff presented uncontradicted evidence that a minor suffered severe mental distress as a result of intentional sexual harassment and molestation. Id. at 431, 413 S.E.2d at 561. Although the jury awarded medical expenses, it failed to grant future medical expenses or emotional distress which was "the very essence of the claim." Id. at 432, 413 S.E.2d at 561. Thus, the employee received a new trial on the issue of damages. Id.
We believe that the present case is distinguishable from Daum because in this case, the evidence regarding plaintiff's injuries was contradicted. Although defendants did not call any witnesses or present their own evidence, defendants effectively used cross-examination to undermine the credibility of plaintiff and his witnesses. Defendants elicited testimony which tended to show that plaintiff had a long history of neck and back problems, that he had received chiropractic treatment throughout much of his life, and that he had many of the same symptoms after an earlier accident in 1994. There was also evidence that cigarette smoking may have prevented the 1994 injury from fully resolving and that weight gain may have caused increased pain in plaintiff's back and neck. Finally, plaintiff's witness, Dr. Paul, admitted on cross-examination that he was mistaken when he suggested that plaintiff had no symptoms before the 1999 accident. All of this information reveals that plaintiff's injuries could have been preexisting or caused by something other than the 1999 accident. At the very least, it shows that the extent of plaintiff's injuries was in dispute.
Since the evidence regarding plaintiff's injuries was not unequivocal, we believe that the present case is unlike Daum and more analogous to Albrecht v. Dorsett, 131 N.C. App. 502, 508 S.E.2d 319 (1998). In that case, we stated that
the evidence . . . regarding plaintiffs' injuries was not unequivocal. Although defendant did not bring forth experts to contradict the testimony of plaintiffs' physicians, defendant contends, and the record confirms, that the cross-examination of plaintiffs' experts yielded responses contradicting their direct testimony. Unlike Daum, the evidence brought out on cross-examination severely damaged the credibility of plaintiffs' experts. Since "credibility of the evidence is exclusively for the jury," . . . it was well within the jury's power to minimize or wholly disregard the testimony given by plaintiffs' medical experts.
Id. at 506, 508 S.E.2d at 322 (citation omitted). As was the case in Albrecht, the evidence of plaintiff's injuries in this case was not unequivocal. Cross-examination undermined the credibility of plaintiff and his experts. Accordingly, we cannot conclude that the trial court engaged in a manifest abuse of discretion by denying plaintiff's motion for a new trial. This assignment of error is overruled.[1]
II. Last Argument to the Jury
Plaintiff argues that the trial court erred by allowing defendants' attorney to give the last argument to the jury. Rule 10 of the North Carolina General Rules of Practice for the Superior and District Courts states:
In all cases, civil or criminal, if no evidence is introduced by the defendant, the right to open and close the argument to the jury shall belong to him. If a question arises as to whether the plaintiff or the defendant has the final argument to the jury, the court shall decide who is so entitled, and its decision shall be final.
Gen. R. Pract. Super. and Dist. Ct. 10, 2004 Ann. R. N.C. 9.
"As a general proposition, any testimony elicited during cross-examination is 'considered as coming from the party calling the witness, even though its only relevance is its tendency to support the cross-examiner's case.'" State v. Shuler, 135 N.C. App. 449, 452, 520 S.E.2d 585, 588 (1999) (citation omitted). On cross-examination, evidence may be "introduced" when the cross-examiner offers it into evidence. Id. at 453, 520 S.E.2d at 588. Additionally, evidence is introduced "when new matter is presented to the jury during cross-examination and that matter is not relevant to any issue in the case." Id.
In this case, defendants' attorney did not call any witnesses. However, plaintiff asserts that defendants introduced substantive evidence by reading portions of plaintiff's deposition while cross-examining Dr. Paul. Therefore, plaintiff argues that he should have been entitled to make the last argument to the jury.
After reviewing the transcript closely, we believe that defendant's attorney did not offer substantive evidence. In this case, plaintiff's attorney called Dr. Paul to testify that plaintiff was asymptomatic or had no symptoms before the 1999 accident. On cross-examination, defendants' attorney simply tried to refute the validity of this claim. The following exchange took place between defendant's attorney and Dr. Paul:
Q. Has counsel for Plaintiff given you the deposition of the Plaintiff to read?
A. No.
Q. Okay. Asymptomatic means no complaints, correct?
A. Correct.
Q. I'd like to draw your attention to several portions of Plaintiff's deposition and ask you to consider them as additional history in this deposition; would that be fine?
A. That's fine.
At that point, defendants' attorney read portions of plaintiff's deposition in which plaintiff admitted to having pain in his neck, arm, and hand before 15 April 1999. Defendants' attorney also referenced parts of the deposition in which plaintiff admitted to taking medication for neck pain before the 1999 accident.
Based upon this information, defendants' attorney sought to challenge Dr. Paul's prior assertion that plaintiff was asymptomatic or symptomless before the accident:
[Q.] So with - if we assume that the sworn testimony given to the Plaintiff - by the Plaintiff is true in his deposition, at least now you know that his history given to us was that he was having ongoing problems, although in his mind not significant, even up to the time of the accident; is that accurate?
A. Yes.
Q. And if, in fact, he's having ongoing problems up until the time of the accident, that is not being asymptomatic as you previously thought, correct?
A. Correct.
We do not believe that defendants introduced evidence thereby waiving their right to make the final argument to the jury. Even though this testimony was elicited during cross-examination, it is considered as coming from plaintiff, the party that called the witness, rather than defendants, the parties that did the cross-examination. Shuler, 135 N.C. App. at 452, 520 S.E.2d at 588. We have also mentioned that evidence can be introduced "when new matter is presented to the jury during cross-examination and that matter is not relevant to any issue in the case." Id. at 453, 520 S.E.2d at 588. We do not believe that defendants' attorney offered new matter by questioning Dr. Paul as to whether plaintiff was asymptomatic before the accident because this was an issue that plaintiff brought up on direct examination. Even if this could be classified as new matter, it would be relevant to the issue of whether the 1999 accident caused plaintiff's injuries.
Plaintiff cites only one case in support of his position. State v. Macon, 346 N.C. 109, 484 S.E.2d 538 (1997). In Macon, Officer Mickey Denny testified on direct examination regarding the investigation of the victim's death. Id. at 113, 484 S.E.2d at 540. On cross-examination, defendant's attorney asked Officer Denny about an interview with defendant that occurred shortly after the shooting. Id. Defendant's attorney also asked Officer Denny to read notes another officer made to the jury. Id. The issue was whether defendant offered evidence thereby prohibiting him from making the final argument to the jury. Id. at 113, 484 S.E.2d at 540-41. Our Supreme Court held that defendant did offer evidence because defendant brought up the issue of his post-arrest statement to police before the State offered any such evidence. Id. More importantly,
[t]he jury received the contents of defendant's statement as substantive evidence without any limiting instruction, not for corroborative or impeachment purposes, as defendant did not testify at trial and the statement did not relate in any way to Officer Denny.
Id. at 114, 484 S.E.2d at 541. The present case is distinguishable from Macon because here, plaintiff was the first party to introduce evidence that he was asymptomatic before the 1999 accident. Thus, unlike the cross-examiner in Macon, defendants were reacting to evidence that was already in the record. Furthermore, in the present case, we have established that defendants questioned Dr. Paul to impeach his earlier statement that plaintiff was asymptomatic; it was not offered as new substantive evidence. Accordingly, the outcome in Macon does not control the outcome of this case. We dismiss this assignment of error.
After considering all of plaintiff's arguments, we conclude that he is not entitled to a new trial. The order of the trial court is
Affirmed.
Judges TIMMONS-GOODSON and HUNTER concur.
Report per Rule 30(e).

Plaintiff speculates that the jury acted with passion and prejudice when it learned about his sexual orientation. However, nothing in the record substantiates this claim. Such a bare assertion, without more, is insufficient to reverse the trial court's decision to deny the motion for a new trial.